UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROCQUIN VAN GUILDER | ) | FILED: APRIL 01, 2008 |
| | ) | Case No.  08CV1875   DAJ |
| | ) | JUDGE CASTILLO |
| Plaintiff, | ) | Judge  MAGISTRATE JUDGE KEYS |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | |
| | ) | Jury Demand |
| WILL COUNTY STATE'S ATTORNEY | ) | |
| JAMES W. GLASGOW, | ) | |
| individually, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, ROCQUIN VAN GUILDER, by and through his attorneys, GREGORY E. KULIS & ASSOCIATES, and complaining against the Defendant, JAMES W. GLASGOW, individually, as follows.

## JURISDICTION

1. This action is brought pursuant to the common law and the laws of the State of Illinois.

2. Subject matter jurisdiction of this Court is based upon diversity of the parties and the amount claimed in the action as delineated in Title 28 U.S.C. § 1332.

3. The Plaintiff, ROCQUIN VAN GUILDER, (hereinafter "Van Guilder"), was at all relevant times citizens of the State of Indiana.

4. The Defendant, JAMES W. GLASGOW, (hereinafter "Glasgow"), was at all relevant times a citizen of the State of Illinois.

5. Diversity of citizenship exists in this case because the parties are not citizens of the same state, Van Guilder being a citizen of the State of Indiana and Glasgow being a citizen of the State of Illinois.

6. Furthermore, the amount claimed by the Plaintiff in this suit is greater than $75,000.00 as required by 28 U.S.C. § 1332.

7. Because diversity of citizenship is present and because the amount in dispute is greater than $75,000.00, this case is within the subject matter jurisdiction of this Court as delineated in 28 U.S.C. § 1332.

## MALICIOUS PROSECUTION

8. On December 1, 2006, Van Guilder was working as project manager for the Peatone Airport project in Will County.

9. It became necessary that equipment for the project be delivered to the southeast corner of Eagle Lake Road and Kedzie Avenue.

10. A route that had been predetermined could not be used due to a refusal by the Will Township Road Commissioner, Bruce Hamman.

11. Using another route, the equipment was unloaded by an employee of Alpine Demolition, the contractor, on IDOT owned property at the southwest corner of Eagle Lake Rd. and Western Ave.

12. The property was to remain on IDOT property until it could be determined whether permission could be obtained to cross private property, owned by Mr. Baugh.

13. The Plaintiff and his son, Lee Van Guilder, attempted to obtain verbal permission from the adjoining property owner, but failed to make contact.

14. The Van Guilders then spoke with Mr. Batterman, a Will County official who refused to allow the Van Guilders to use Will Township roadways despite assurances that IDOT would repair any damaged property, citing opposition to the airport by Will County officials.

15. Subsequently, Bob Gatto, a machine operator employed by Mr. Pawlik of Alpine Construction, mistakenly crossed Mr. Baugh's property while driving the equipment.

16. There was no criminal intent involved in Mr. Gatto's action.

17. Mr. Baugh, the adjoining property owner, responded to the presence of the machine operator by retrieving a shotgun and directing it toward Mr. Gatto.

18. Upon being notified that Mr. Gatto had crossed onto Mr. Baugh's property, Lee Van Guilder, the Plaintiff's son, went to Mr. Baugh's property to offer an apology and immediately left the property when told.

19. Rocquin Van Guilder was not within the immediate vicinity of Mr. Baugh's property when the machine operator entered onto the land.

20. Rocquin Van Guilder never physically entered onto Mr. Baugh's property without permission.

21. Rocquin Van Guilder was never the employer of Mr. Gatto.

22. Rocquin Van Guilder never directed Mr. Gatto to enter onto Mr. Baugh's property.

23. There were no signs on Mr. Baugh's property warning against trespass.

24. No damage to the property occurred due to Mr. Gatto's entry.

25. The question of criminal charges against the Van Guilders was brought before Defendant Glasgow, who publicly stated that there was insufficient evidence to support a trespassing charge.

26. After receiving much negative press due to his decision that criminal charges were not warranted, Defendant Glasgow personally visited the scene of the "crime(s)" and met with representatives of the Will County Board, Will Township, and the organization "Shut This Airport Nightmare Down" in March 2007.

27. Soon after this meeting and his visit to the property to investigate the matter, Defendant Glasgow experienced a "change of heart" and brought criminal charges of criminal trespass and criminal damage to property against the Plaintiff, despite being fully aware that the Baugh property sustained no damage, no notice was given that entry was

forbidden, and the Plaintiff neither physically entered upon the Baugh property nor ordered Mr. Gatto to do so, all necessary elements of the charges brought.

28. Defendant Glasgow went beyond his prosecutorial duties and performed in an investigatory capacity.

29. Defendant Glasgow initiated these charges for political motives and for public relations purposes so as to bolster his standing with his constituents.

30. The Defendant proceeded with the criminal charges against the Plaintiff knowing he had no probable cause and that they were false.

31. The charges were ultimately resolved in favor of the Plaintiff on February 8, 2008.

32. Due to Defendant Glasgow's actions, Plaintiff endured severe financial hardship, including the termination of his employment.

33. As a result of the actions of the Defendant, the Plaintiff suffered monetary loss and expenses, humiliation, damage to reputation, pain, suffering, fear and anxiety.

WHEREFORE, the Plaintiff, ROCQUIN VAN GUILDER, prays for judgment against the Defendant, WILL COUNTY STATE'S ATTORNEY JAMES W. GLASGOW, in an amount in excess of TWO HUNDRED THOUSAND AND 00/100 ($200,000.00) DOLLARS compensatory damages and ONE THOUSAND AND 00/100 ($100,000.00) DOLLARS punitive damages.

## JURY DEMAND

The Plaintiff, ROCQUIN VAN GUILDER, requests a trial by jury.

Respectfully submitted,

/s/ Ronak Patel
GREGORY E. KULIS AND ASSOCIATES

GREGORY E. KULIS AND ASSOCIATES
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830

S:\Federal Cases\Van Guilder, Rocquin\Pleadings\van guilder complaint.doc