**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ROCQUIN VAN GUILDER, )
)
Plaintiff, )
) No. 08 C 1875
v. )
) Judge Ruben Castillo
WILL COUNTY STATE'S ATTORNEY )
JAMES W. GLASGOW, individually, )
)
Defendant. )

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant WILL COUNTY STATE'S ATTORNEY JAMES GLASGOW, by his undersigned attorneys, and pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), moves this Court for the entry of an order dismissing the Complaint with prejudice for failure to state a claim upon which relief can be granted and for lack of jurisdiction, and in support of this motion, states as follows:

1. This is a diversity case in which Plaintiff asserts an Illinois common law claim for malicious prosecution against the Will County State's Attorney, James Glasgow.

2. Plaintiff's claim is legally insufficient because he predicates his claim on two alleged acts and State's Attorney Glasgow has immunity under Illinois law for both types of acts. Specifically, State's Attorney Glasgow has: (a) public official immunity and sovereign immunity with respect to his alleged personal visit to the "crime scene" and meeting with certain citizens (*see* Compl., ¶26); and (b) prosecutorial immunity with respect to his alleged initiation and prosecution of criminal charges (*see* Compl., ¶30).

3. Because State's Attorney Glasgow has immunity for the alleged conduct forming the basis of Plaintiff's malicious prosecution claim, Plaintiff fails to state a cognizable claim and therefore his Complaint should be dismissed with prejudice.

4. Pursuant to this Court's case management procedures, the undersigned counsel sent a letter to counsel for Plaintiff on June 2, 2008, outlining the perceived deficiencies in the Complaint based on State's Attorney Glasgow's immunities under Illinois law. On June 5, 2008, counsel for Plaintiff sent a response stating that he disagreed. Accordingly, the parties have been unable to resolve their differences concerning this motion. (Copies of the respective correspondence are attached hereto as Exhibit A and B).

WHEREFORE, for the foregoing reasons, as well as those set forth in the accompanying memorandum of law, Defendant respectfully requests that this Court enter an order granting this motion and dismissing the Complaint with prejudice, and grating Defendant such further and additional relief as this Court deems just and appropriate.

Respectfully submitted,

WILL COUNTY STATE'S ATTORNEY
JAMES W. GLASGOW

s/ Martin W. McManaman
One of the attorneys for Defendant

Martin W. McManaman
Patrick R. Moran
LOWIS & GELLEN LLP
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
(312) 364-2500

# EXHIBIT A

LOWIS & GELLEN LLP

ATTORNEYS AT LAW

Suite 1900
200 West Adams Street
Chicago, Illinois 60606
Tel: 312.364.2500
Fax: 312.364.1003

www.lowis-gellen.com

**Martin W. McManaman**
**(312) 628-7188**
**martym@lowis-gellen.com**

June 2, 2008

VIA FACSIMILE & U.S. MAIL
Mr. Gregory E. Kulis
Gregory E. Kulis &Associates, Ltd.
30 North LaSalle Street
Suite 2140
Chicago, Illinois 60602

Re: Van Guilder v. Will County State's Attorney Glasgow
No. 08 C 1875 (N.D. Ill.)

Dear Mr. Kulis:

I am representing State's Attorney Glasgow in this case. I have reviewed the Complaint and believe that the allegations fail to state an actionable claim. Pursuant to Judge Castillo's standing order, I am providing you this letter to point out the basis of the defects.

It is my understanding that Plaintiff predicates his malicious prosecution claim on two instances of conduct by State's Attorney Glasgow: (1) his meeting with Mr. Baugh and others; and (2) his approval of criminal charges against Plaintiff. Plaintiff's claim is not cognizable under Illinois law because State's Attorney Glasgow has public official immunity and sovereign immunity with respect to the act of meeting with witnesses, and he has prosecutorial immunity with respect to the act of commencing a criminal prosecution.

Taking the second type of conduct first, Illinois law is clear that with respect to their prosecutorial functions, prosecutors have absolute immunity from civil claims. *White v. City of Chicago*, 369 Ill.App.3d 765, 861 N.E.2d 1083 (1st Dist. 2006); *see also*, *Aboufariss v. City of DeKalb*, 305 Ill.App.3d 1054, 713 N.E.2d 804 (2d Dist. 1999); *Weimann v. County of Kane*, 150 Ill. App. 3d 962, 970 (1986) (court holding that "the law is clear that prosecutors are immune from liability for any activities intimately associated with the judicial phase of the criminal process). Here, Plaintiff alleges that State's Attorney Glasgow acted tortiously by initiating charges without probable cause. (Complaint, ¶27). The initiation of charges is purely associated with the judicial phase of criminal prosecution and therefore no claim will lie against State's Attorney Glasgow with respect to the initiation of or prosecution of the charges regardless of whether probable cause was lacking.

Conversely, the first type of conduct (*i.e.* meeting with potential witnesses) is allegedly purely investigatory and unrelated to the judicial phase of prosecution. (Complaint, ¶¶26, 28). While State's Attorney Glasgow would not have absolute immunity for such conduct, he would

still be immune for any non-malicious conduct under the doctrine of public official immunity. Here, the Complaint fails to include any allegation that State's Attorney Glasgow acted with malice in meeting with Mr. Baugh and the other witnesses and listening to their version of events. There can be no such allegation because those persons are State's Attorney Glasgow's constituents, and so it was entirely legitimate for him to have taken the meeting regardless of whether their story was true or whether State's Attorney Glasgow believed them.

Aside from his public official immunity concerning the pre-charges meeting, State's Attorney Glasgow is also immune under the doctrine of sovereign immunity because state's attorneys are state employees for purposes of civil liability. *Ingemunson v. Hedges*, 133 Ill.2d 364, 549 N.E.2d 1269 (1990). While the Complaint purports to name State's Attorney Glasgow in his personal capacity, the formal identification of the parties is irrelevant for purposes of determining whether sovereign immunity applies. *Healy v. Vaupel*, 133 Ill.2d 295, 549 N.E.2d 1240 (1990). Sovereign immunity will apply if: (1) there are no allegations that the state employee acted beyond the scope of his authority; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of state employment; and (3) the complained-of act involves matters ordinarily within that employee's normal and official functions. *See Healy*. Here, meeting with constituents was within State's Attorney Glasgow's normal and official functions, his duty to do so arose solely because he was the Will County State's Attorney, and he did not exceed the scope of his authority during the meeting. Accordingly, sovereign immunity applies and the only proper jurisdiction for Plaintiff's claim (assuming public official immunity was unavailable) is the Court of Claims.

Lastly, even if the Complaint were to somehow survive the foregoing immunities, it is clear that Plaintiff could never prevail on the merits. During the criminal trial, at the close of the prosecution's case-in-chief, Plaintiff moved for a directed verdict. The court denied the motion, effectively concluding that enough evidence existed to support a conviction unless Plaintiff showed otherwise during his case-in-chief. That ruling collaterally estops Plaintiff from alleging a lack of probable cause. Because the lack of probable cause is a required element for a malicious prosecution claim, State's Attorney Glasgow would be entitled to summary judgment.

I would like to discuss these issues with you at your earliest convenience so that I can determine whether I need to file a motion to dismiss. I look forward to hearing from you.

Sincerely,

LOWIS & GELLEN LLP

Martin W. McMahaman

# EXHIBIT B

LAW OFFICES OF
GREGORY E. KULIS AND ASSOCIATES, LTD.

GREGORY E. KULIS
KATHLEEN COYNE ROPKA
SHEHNAZ I. MANSURI
DAVID S. LIPSCHULTZ
RONAK D. PATEL

30 NORTH LASALLE STREET, SUITE 2140
CHICAGO, ILLINOIS 60602-3368

TEL: (312) 580-1830
FAX: (312) 580-1839
www.kulis-law.com

OF COUNSEL
GEORGE G. LEYNAUD
REBECCA M. LEYNAUD

LASALLE COUNTY OF COUNSEL OFFICE
1200 38TH STREET
PERU, ILLINOIS 61354
(815) 224-4700

June 5, 2008

**Via First Class Mail**

Martin McManaman
Lowis & Gellen LLP
200 West Adams, Suite 1900
Chicago, Illinois 60606

**Re: Van Guilder v. Glasgow**
**Case No. 08 C 1875**

Dear Mr. McManaman:

I am in receipt of your excellent letter dated June 2, 2008. Though I do agree with some of your general propositions, I do not agree with you pertaining to the law and especially to the facts. So what do you want me to say, "You win. Me lose." and walk away. Sorry.

I believe that our complaint has been well thought out and drafted with the appropriate legal support. If you feel the necessity to file a motion to dismiss, I will await your pleading.

Respectfully yours,

Gregory E. Kulis (am)

Gregory E. Kulis

GEK/alm

S:\Federal Cases\Van Guilder, Rocquin\Correspondence\GEK.McManaman.ltr.06-05-08.doc