IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROCQUIN VAN GUILDER,<br><br>Plaintiff,<br><br>v.<br><br>WILL COUNTY STATE'S ATTORNEY<br>JAMES W. GLASGOW, individually,<br><br>Defendant. | No. 08 C 1875<br><br>Judge Ruben Castillo |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**
**HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant WILL COUNTY STATE'S ATTORNEY JAMES GLASGOW, by his undersigned attorneys, submits this memorandum of law in support of his motion to dismiss the Complaint.

**Introduction**

This is a diversity case in which Plaintiff asserts an Illinois common law claim for malicious prosecution against the Will County State's Attorney, James Glasgow. Plaintiff predicates his claim on two alleged acts. First, Plaintiff alleges that State's Attorney Glasgow met with witnesses before any charges were filed. Second, Plaintiff alleges that State's Attorney Glasgow initiated criminal charges against Plaintiff without probable cause. Plaintiff's claim is not cognizable under Illinois law because State's Attorney Glasgow has public official immunity and sovereign immunity with respect to the act of meeting with witnesses, and he has prosecutorial immunity with respect to the act of commencing a criminal prosecution. Because State's Attorney Glasgow is immune from suit for the alleged conduct, Plaintiff's malicious prosecution claim fails as a matter of law and must be dismissed.

## Factual Background

As of December 2006, Plaintiff was working as a project manager in connection with the Peotone Airport project in Will County. (Compl., ¶8). On December 1, 2006, Plaintiff's project required heavy wrecking equipment at a certain location. (*Id.*, ¶9). The original plan was to transport the equipment along a public roadway supervised by Will Township. (*Id.*, ¶10). When the Will Township officials informed Plaintiff that the public roadway could not be used, Plaintiff sought permission from a private landowner to transport the equipment across his property.[1] (*Id.*, ¶¶10, 13-14). Plaintiff alleges that no contact was made with the private landowner about the equipment before the equipment was transported across his property. (*Id.*, ¶13).

State's Attorney Glasgow initially believed the evidence was insufficient to support criminal charges. (*Id.*, ¶25). Notwithstanding his initial belief, in March 2007, State's Attorney Glasgow consented to requests that he speak with Mr. Baugh and the other officials who had communicated with Plaintiff about the transportation of the equipment. (*Id.*, ¶26). Following his meeting with those citizens, State's Attorney Glasgow approved misdemeanor charges against Plaintiff for criminal trespass and criminal damage to property. (*Id.*, ¶27). Plaintiff alleges that State's Attorney Glasgow proceeded with the charges without probable cause. (*Id.*, ¶30). A bench trial was held and on February 8, 2008, the court entered an order acquitting Plaintiff of both charges. (*Id.*, ¶31; ).

## Standard Of Disposition

The purpose of a motion to dismiss is to test the sufficiency of the complaint and not to decide the merits of the challenged claim. *Weiler v. Household Financial Corp.*, 101 F.3d 519,

---

[1] In Paragraph 14 of the Complaint, Plaintiff inadvertently identifies Mr. Batterman as a Will County official. Mr. Batterman is a Will Township official.

2

524, n.1 (7th Cir. 1996). To be sufficient, the complaint must describe the claim in enough detail to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964 (2007). A complaint provides sufficient description when the factual allegations indicate that it is plausible, rather than merely speculative, that he is entitled to relief. *Bell Atlantic Corp.*, 127 S.Ct. at 1965; *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

## ARGUMENT

**Under Illinois Law, State's Attorney Glasgow Is Immune From Suit For The Alleged Conduct.**

In *Imbler v. Pachtman*, the Supreme Court adopted a function-based test for determining the level of immunity to which a prosecutor is entitled. 424 U.S. 409, 430-31, 96 S.Ct. 984, 995 (1976). The test focuses on the alleged conduct by the prosecutor for purposes of characterizing the nature of the function that the prosecutor was performing through that conduct. *Id.* If the nature of the function was prosecutorial, then the prosecutor has absolute immunity; if the function was administrative or investigative in nature, then the prosecutor has qualified immunity. *Imbler*, 424 U.S. at 430-31, 96 S.Ct. at 995; *Burns v. Reed*, 500 U.S. 478, 492-96, 111 S.Ct. 1934, 1943-45 (1991). Illinois courts apply the same function-based analysis to state law claims against prosecutors. *See e.g., Aboufariss v. City of Dekalb*, 305 Ill.App.3d 1054, 1064, 713 N.E.2d 804 (2d Dist. 1999), *citing Kalina v. Fletcher*, 522 U.S. 118, 130-31, 118 S.Ct. 502, 509-10; *White v. City of Chicago*, 369 Ill.App.3d 765, 769-71, 861 N.E.2d 1083, 1088-89 (1st Dist. 2006), *citing Imbler*, and *Buckley v. Fitzsimmons*, 509 U.S. 259, 269, 113 S.Ct. 2606, 2613 (1993).

### A.  State's Attorney Glasgow has prosecutorial immunity with respect to the alleged initiation and prosecution of criminal charges.

Plaintiff alleges that State's Attorney Glasgow maliciously prosecuted him by initiating criminal charges while knowing that the elements of the charged offenses could not be proven. (Complaint, ¶27). Assuming for purposes of this motion that Plaintiff's allegation is true, the allegation cannot support a claim for malicious prosecution because State's Attorney Glasgow is absolutely immune from claims based on acts associated with the judicial phase of the criminal process.

Under Illinois law, prosecutors have absolute immunity from civil claims that are based on their prosecutorial functions. *White*, 369 Ill.App.3d at 775-78, 861 N.E.2d at 1093-94; *see also, Aboufariss*, 305 Ill.App.3d at 1064-65, 713 N.E.2d at 812 (court noting that with respect to their prosecutorial functions, prosecutors have the same immunity as the judiciary, *i.e.* absolute immunity); *Weimann v. County of Kane*, 150 Ill.App.3d 962, 970, 502 N.E.2d 373, 377 (2d Dist. 1986) (court holding that "[t]he law is clear that prosecutors are immune from liability for any activities intimately associated with the judicial phase of the criminal process").

It is equally well-settled that the initiation and prosecution of criminal charges is a core prosecutorial function because those acts directly involve the advocacy of the state's case and therefore are intimately associated with the judicial phase of the criminal process. *See People v. Patrick J. Gorman Consultants, Inc.*, 111 Ill.App.3d 729, 731, 444 N.E.2d 776, 779 (1st Dist. 1982) (court holding that alleged acts of improperly prosecuting and continuing to prosecute were quasi-judicial functions); *Weimann*, 150 Ill.App.3d at 970, 502 N.E.2d at 377 (court noting that the act of deciding whether sufficient evidence exists to support criminal charges "is clearly one of a prosecutor's judicial functions"); *see also, Tompkins v. Prange*, 2006 WL 3486855 at *4 (N.D.Ill. Nov. 29, 2006) (J. Kennelly) (court holding that a prosecutor acts as an advocate when

signing an initiating pleading). Illinois statute confirms this conclusion by providing that a state's attorney's duties include the duty to "commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned." *See* 55 ILCS 5/3-9005; *People ex. rel. Daley v. Moran*, 94 Ill.2d 41, 46, 445 N.E.2d 270, 272 (1983) (court holding that a state's attorney is vested with exclusive discretion in the initiation and management of a criminal prosecution). This result is not changed by Plaintiff's allegation (*see* Compl., ¶29) that State's Attorney Glasgow initiated the criminal charges for "political motives and public relations purposes." *See Bernard v. County of Suffolk*, 356 F.3d 495, 504-05 (2d Cir. 2004) (court holding that absent specific "unauthorized demands", motive is irrelevant to application of prosecutorial immunity).

In the present case, Plaintiff alleges that the initiation of criminal charges and ensuing prosecution was tortious because State's Attorney Glasgow knew that the charges could not be proven. (Compl., ¶27). Significantly, Plaintiff does not allege that State's Attorney Glasgow ever vouched for the truth of any particular piece of information or ever provided any testimony against Plaintiff. Nor does Plaintiff allege that State's Attorney Glasgow fabricated or manufactured any evidence in order to initiate the criminal charges or to continue the prosecution. Absent such allegations, the alleged initiation and prosecution of criminal charges by State's Attorney Glasgow is purely prosecutorial in nature and therefore State's Attorney Glasgow has absolute immunity with respect to that alleged conduct. Thus, to the extent that Plaintiff bases his claim on those acts, he fails to state a claim upon which relief can be granted and his claim must be dismissed.

B.  **State's Attorney Glasgow has public official immunity and sovereign immunity with respect to his alleged visit to the scene and meeting with witnesses.[2]**

Plaintiff also bases his malicious prosecution claim on the allegation that State's Attorney Glasgow "personally visited the scene of the 'crime(s)' and met with representatives of the Will County Board, Will Township, and the organization 'Shut This Airport Nightmare Down'" before any criminal charges had been filed. (Compl., ¶26). The ostensible purpose of this allegation is to preclude State's Attorney Glasgow from asserting prosecutorial immunity for that alleged conduct. (*See* Compl., ¶28). That purpose is unavailing for two reasons.

First, State's Attorney Glasgow is a state official as opposed to a county official. *See Ingemunson v. Hedges*, 133 Ill.2d 364, 369, 549 N.E.2d 1269, 1271-72 (1990). Second, Plaintiff allegations fail to show that State's Attorney Glasgow acted with malice in visiting the scene or meeting with certain constituents. Consequently, Illinois law provides State's Attorney Glasgow with immunity under the doctrines of public official immunity and sovereign immunity.

1.  **Public official immunity.**

In Illinois, the doctrine of public official immunity provides state officials with immunity from personal liability for their performance of discretionary duties. *People v. Patrick J. Gorman Consultants, Inc.*, 111 Ill.App.3d 729, 731, 444 N.E.2d 776, 731 (1st Dist.1982). The doctrine is premised upon the principle that a public decision-maker should not be subject to personal liability where he makes a decision based upon his perception of the public needs. *Currie v. Lao*, 148 Ill.2d 151, 166, 592 N.E.2d 977, 984 (1992). "Discretionary acts are those which are unique to the particular office and not merely ministerial in nature." *Patrick J. Gorman Consultants, Inc.*, 111 Ill.App.3d at 731, 444 N.E.2d at 731.

---

[2] For purposes of this motion only, State's Attorney Glasgow assumes that the alleged pre-charges conduct is investigatory in nature, as opposed to prosecutorial, and therefore only entitled to qualified immunity.

In the present case, the alleged acts by State's Attorney Glasgow were both unique to his office and discretionary in nature. Indeed, Plaintiff does not allege that State's Attorney Glasgow undertook the alleged acts simply because he was a concerned citizen. To the contrary, the only inference that can be drawn from Plaintiff's allegations is that State's Attorney Glasgow visited the scene and met with certain people precisely *because* he was the state's attorney and had the power to bring criminal charges. (*See* Compl., ¶¶26, 29). Similarly, Plaintiff does not characterize the alleged acts as merely ministerial. Plaintiff cannot do so because a state's attorney's discretion with respect to initiating and managing criminal prosecutions inherently includes the autonomy to choose with whom he will meet and what matters he will review in making those decisions. *See* 55 ILCS 5/3-9005; *People ex. rel. Daley*, 94 Ill.2d at 46, 445 N.E.2d at 272.

Lastly, Plaintiff's allegations fail to plausibly indicate that State's Attorney Glasgow acted with malice in visiting the "crime" scene and meeting with certain people. It appears that Plaintiff is suggesting that State's Attorney Glasgow's motive was improper because he had already publicly announced his belief that the evidence would not support criminal charges. (*See* Compl., ¶¶25-26). Plaintiff does not allege however that State's Attorney Glasgow planned to change his mind about the evidence before the visit and meeting. Indeed, according to Plaintiff's allegations, it was only after the visit and meeting that State's Attorney Glasgow "experienced a 'change of heart.'" (*Id.*, ¶27). Even if no new or different evidence was learned at the visit and meeting as Plaintiff alleges (*see id.*), that fact cannot serve to transform the act of going to the scene and meeting with citizens into something that was improper from the outset. In other words, absent an allegation that it is improper for an elected official to meet with citizens who have a different opinion than him on a particular issue, Plaintiff cannot plausibly suggest that it

was improper for State's Attorney Glasgow to have gone to the scene and to have met with certain citizens.

As a result, State's Attorney Glasgow has public official immunity for the conduct alleged in paragraph 26 of the Complaint and therefore, to the extent Plaintiff bases his malicious prosecution claim on that conduct, he fails to state a claim upon which relief can be granted.

### 2. Sovereign immunity.

In addition to public official immunity, State's Attorney Glasgow also has sovereign immunity with respect to his alleged inspection of the crime scene and meetings with constituents. Seventh Circuit precedent teaches that state sovereign immunity rules apply to state law claims brought in federal court. *Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001); *Benning v. Board of Regents of Regency Universities*, 928 F.2d 775, 777 (7th Cir. 1991).

Under Illinois law, the formal identification of the parties is irrelevant for purposes of determining whether sovereign immunity applies. *Healy v. Vaupel*, 133 Ill.2d 295, 308, 549 N.E.2d 1240, 1247 (1990). A claim is deemed as being only nominally against the state official and therefore subject to sovereign immunity, unless: (1) the state official is alleged to have acted beyond the scope of his authority; (2) the duty allegedly breached was owed to the public generally, independent of the fact of state employment; or (3) the complained-of act is not ordinarily within that official's normal and official functions. *Healy*, 133 Ill.2d at 309, 549 N.E.2d at 1247. When sovereign immunity applies, then constitutional courts lack jurisdiction and the claim must be brought in the Illinois Court of Claims. *Jinkins v. Lee*, 209 Ill.2d 320, 329-30, 807 N.E.2d 411, 417 (2004), *citing* 745 ILCS 5/1 and 705 ILCS 505/8.

Here, Plaintiff's allegation that State's Attorney Glasgow personally visited the scene and met with certain constituents is only nominally against him because there is no allegation that

such conduct: (a) was done maliciously; (b) breached any duty owed independent of his status as state's attorney; or (c) was outside his normal and official functions as state's attorney.

As stated above, Plaintiff cannot allege that it was improper for State's Attorney Glasgow to have visited the "crime" scene and to have met with certain people. (Compl., ¶¶25-26). Nor can Plaintiff allege that State's Attorney Glasgow breached any duty owed independent of his status as state's attorney because State's Attorney Glasgow's only alleged purpose in "investigating" the situation was to assess whether to initiate criminal charges, which ordinary citizens lack authority to do. *See* 55 ILCS 5/3-9005. Furthermore, Plaintiff cannot allege that a pre-charges sight inspection or meeting was outside State's Attorney Glasgow's normal and official functions because that alleged conduct necessarily related to public concern that a crime had occurred, which is squarely within the purview of a state's attorney authority, even if the particular alleged conduct was investigatory in nature. *See id.*

Because Plaintiff's allegation concerning pre-charges activity only involves authorized conduct that was within State's Attorney Glasgow's normal and official functions and not in breach of any duty he owed apart from his status as state's attorney, sovereign immunity applies and any claim based on that allegation must be brought in the Illinois Court of Claims.

## Conclusion

For the foregoing reasons, as well as those set forth in the motion to dismiss, Plaintiff's allegations in support of his malicious prosecution claim fail to show that he has a right to relief in this Court, and therefore the Complaint must be dismissed.

9

Respectfully submitted,

WILL COUNTY STATE'S ATTORNEY
JAMES W. GLASGOW


s/ Martin W. McManaman
One of the attorneys for Defendant

Martin W. McManaman
Patrick R. Moran
Justin C. Doolittle
LOWIS & GELLEN LLP
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
(312) 364-2500